As usual, I have to ask the most important question, and that is, is it Romeo or Ro-may-oh? Romeo. Thank you. Rocco Romeo. Okay, Mr. Culp, you have two minutes for rebuttal, and you can proceed whenever you're ready. Thank you. May it please the Court, Robert Culp, assigned counsel for Appellant Rocco Romeo. I was not involved in the district court proceedings, which for these purposes took place with Mr. Romeo representing himself pro se. He engaged in a terrible fraud. He stole money from his employer, pleaded guilty, served a prison sentence, of course, was ordered restitution and forfeiture. He's committed to restitution in particular to the employers that he stole from. He's been paying even in times when he doesn't have income. He writes a check every month. He wants to stay on his feet, fulfill that obligation while not seeing his family fall into financial ruin, but with the usual disabilities of being a convicted felon. He sees his income seized for forfeiture, not restitution, while his house is in foreclosure. He receives threatening letters from the IRS, and just recently, it's in the district court docket, but it's not in the briefs, had an IRA seized, albeit that one was for restitution, as I understand it. In the proceedings below, the government, district court and the government had options to see that restitution to the victims take priority over windfall to the government. Can I ask Mr. Culp just to first, before you get to that, address the right of counsel issue. You raised an issue that he should be entitled to counsel at such a proceeding. My concern about that is he agreed to the forfeiture with counsel, the amount, and he agreed to substitute assets as part of that, correct? Right. And this doesn't change that punishment, right? It doesn't increase that punishment. It's the same punishment. Right. It's just an enforcement of what he agreed to with counsel. Right. So he had counsel when that agreement was entered into. I represent to you that he did not understand what substitute assets meant. I'm not trying to vacate his plea for that reason, but I think the average person doesn't understand how substitute assets work. Now, the government has- That is not a basis for us holding that everybody has a right to counsel in a substitute asset issue that comes up later, a year and a half later, right? Yeah. So my main point is that the counsel issue sort of made the proceedings below, which are on appeal now, a mess. The government points out, and I pointed out too, and there's a First Circuit case that says very clearly that these kinds of post-sentencing asset forfeiture proceedings are not covered by the Sixth Amendment, and I'm not pressing that strongly. I am saying that it's unfortunate that below, the attorney who had been representing him did not even file any documents. You're saying if he had an attorney, he would have raised this 25 percent limitation issue. Is that one of the arguments you're making? The argument I'm making is I'm literally appealing to the Court's discretionary and equitable remand powers to send it back to let issues like that be raised. Let me ask you about that issue. The Supreme Court said in a case called Koskoska that a tax refund is not a periodic payment of compensation. Earnings do not pertain to every asset that is traceable in some way to compensation. So why isn't that what we have here? We have a cashing out of a partnership interest. How is that a periodic payment of compensation? It's a lump sum payment after the fact for work. Isn't that what a tax refund is?  I think a tax refund is a tax refund. I mean, I know that the... For wages that were withheld, too much was withheld. It's wages. And you get it later in your refund. And the Supreme Court said that's not what the statute is designed to address. It's for disposable earnings of an individual for work weeks on a periodic basis. So the Court did focus on the fact that it was a tax refund and not income per se. But also the Court's language in that case, it's quite an old case, as I'm sure Your Honors know, focuses also on the need to balance that issue against the needs of a debtor to stay whole enough to fulfill his obligations. So I don't see that case as saying with certainty that a lump sum payment... There's no case that says if you don't fall within the definition under the statute that there's some general equitable power to look at whether something that's not a periodic payment the person needs for their home or something like that. There's no law that suggests that, right? There's no equitable exception? The equitable exception I'm pointing to is the CCPA. And I don't read the CCPA as absolutely excluding lump sum payments for compensation. Now, the government cites this Court's decision in Shkreli. I don't know how to pronounce that name. Shkreli. Shkreli, thank you. And that was a lump sum, but it was a lump sum retirement payment. And if you look at the language of the statute, it does make a reference to periodic payments. It's on that panel, but I understand that's a different issue. But just to go back to this type of situation, a partner at a law firm who has compensated millions of dollars of income month to month, and it cashes out a partnership, you would say that that cash out of the partnership would still be exempt or subject to this limitation, correct? I believe so. If it's for earnings, earnings for income, I don't see anywhere in the CCPA that excludes that kind of lump sum payment. Think of a real estate broker. They put in work for weeks, months sometimes to sell a house. They don't get paid until the very end. That's a lump sum payment. You provided the tax form, but it throughout refers to this as a capital gain, a long-term capital gain, right? He represented below that this was not any kind of investment or anything. I don't know if I'm answering your question, but this represented his work. It represents the payout of the equity built by his work, right? Right. As opposed to his wage or his earnings. I mean, this doesn't even feel like garnishment at all to me. This is a seizure, right? And we seize assets and we garnish wages. But it's his income in the sense that it's value built by his sweat equity. That's exactly the word he uses in his post-state papers. Right, but that's value built as opposed to wages or income earned. Well, he wasn't being paid by Atlas at all. That was the deal. You help us put this startup into a position where someone else buys it and we'll pay you. That was the income. That was the best way that he could earn income. So would this be taxed as income? I don't know. I can't speak to tax. I apologize for that, how it would be taxed. But for all intents and purposes, it is income. I mean, the language in the statute is broad. All income does not, it obviously doesn't apply to all income. The Supreme Court has made that clear in the case that I cited to you before. It depends on the nature of the income. Right. Well, let me just ask you quickly about the other issue. I think you're arguing we should send it back because the district court should have prioritized restitution over forfeiture, should have applied this to restitution. But the government points out two things. First of all, we're on plain error review because this wasn't raised. And there is no case, I think you can see, that says that the district court was required to do that. There's no requirement that you prioritize restitution over.  And on whether or not there's the discretion to do that, you cite two district court cases where District Judge Garifas and Judge Block did that. Yes. There's no case that's, you know, there's no way that the district court could be plainly error in declining to do that. I'm basically conceding that on this appeal that I'm not demonstrating to you plain error. Maybe under the CCPA. But my appeal to your honors is to your equitable remand powers, which this court has said, and I realize that there's cases that go both ways on this, but this court has said that you don't necessarily have to find an error if, for example, there's something that the district court overlooked and the thing that I'm pressing is that the district court at the original sentencing said quite clearly, now he was referring to fines, I acknowledge that, he wasn't referring to forfeiture, but he said whatever earnings you make should go towards restitution, not forfeiture, and I'd like to, I'm asking, I did it again, I'm sorry, I'm asking this court to send it back to the district court to let him consider what he himself had said. We've never even said that a district court has the authority to do that and no circuit court has said, even though there's two district court cases out there, we've never said that, send it back to allow him to consider something that we've never even said he has the authority to do. I'm certainly not saying that Judge Block's decision or Judge Gariff's decision is a basis for plain error. I'm not saying that's plain error. I'm saying that's inequitable ground to remand. All right. Thank you. A letter from the government. Mr. Andrews. Thank you, Your Honors. Appellant Bromio's equity interest in Atlas is not covered by the CCPA's limitation on garnishment. As the court has already pointed out, the Supreme Court in Kokoszka made clear that the CCPA only applies to, quote, periodic payments of compensation needed to support the wage earner and his family on a week-to-week and month-to-month basis. As the court also pointed out, the Supreme Court in that decision held that a tax refund did not fall under the CCPA, even though a tax refund is directly derived from earnings. Instead, you have to look at the nature of the payment involved here. And the payment involved here, Mr. Bromio's equity interest, does not fall within the scope of the CCPA. Mr. Bromio made a decision. He made a decision not to take a periodic wage. Instead, he decided that he wanted to get a speculative investment income. There is no guarantee of that. That is not money in his pocket at the time in order to support his family. Speculation oftentimes can lead to lucrative financial results. But speculative income is not the type of wages covered by the statute. And as a result, Mr. Bromio cannot appeal to the CCPA in order to protect his income from forfeiture. I might also add, to this date, Mr. Bromio has yet to pay a single dollar of his forfeiture, despite the massive million-dollar fraud that he perpetrated on his law firm. Wait, when you say he's failed to pay, it sounds like a variety of things have been forfeited. Do you mean the government has had to take it rather than him voluntarily paying it? No money has been paid at all, has gone towards the forfeiture. No money has gone towards the forfeiture, Your Honor. He's paid restitution. But his separate obligation of forfeiture, he's not paid anything at this time. So who has this asset, this disputed asset? Where is it and who's got it? So it's my understanding that the district court has issued an order of forfeiture, but I believe has stayed that order pending the outcome of the Second Circuit. At which time, once the court issues that final order, the government would seize that asset for forfeiture. Has the government made a decision of whether or not it's going to use its discretion to apply that to restitution or not? So there's a process, Your Honor, and my understanding of the process is that there has to be a submission made to the Attorney General to describe the equities. It is an equitable decision of the Attorney General as to whether to apply forfeiture to restitution. And that's all set forth in 18 U.S.C. section 981. Mr. Culp is concerned that the district court... First, he thinks the district court has the ability and discretion to order that, as Judge Block and Judge Garifas have done. And because it wasn't raised, it's unclear whether the district court even understood that it had the ability to order that. What's the government's response to both of those things? Well, I think it's several-fold, Your Honor. First, as Your Honor pointed out, there is no statute that has ever said that a district court has some type of discretionary authority to not apply forfeiture, but rather to apply seized money to restitution. Instead, the only statute that exists here is section 981, which makes very clear the process for doing so. And since we are here on plain error review, under this Court's decision in Lobb, the only way that there can be plain error is if there is some binding precedent, either from the Supreme Court or this circuit, showing that that error was obvious. And, of course, there was no obvious error here. Mr. Kulp is making a different argument. He conceded that there's no plain error, but he's saying it's not clear the district court even understood its discretion that he believes it had. That presupposes that the discretion exists, Your Honor. It doesn't appear that the discretion exists under the statute, certainly under section 981. It's not clear that that discretion exists. But even if that discretion did exist, we're talking about a district court judge, Judge Borsetti, who has been a judge for a considerable amount of time, understands the difference between restitution and forfeiture. As a repeat player before Judge Borsetti, I will never call into question his credibility, Your Honor. But I don't believe that there's any doubt that Judge Borsetti was very capable and understood the issues at hand and that there is not a statute or any court decision that has stated that a district court judge has the discretion or the authority to refuse to apply forfeiture as required under federal law and is required by a signed order of forfeiture and instead to apply that money for restitution purposes. Do you want to spend one minute on the right to counsel issue? Yes, Your Honor. I believe that the court has already addressed many of the points that I already would have made. The First Circuit has squarely addressed that, and that is in a decision called Secatia, which made clear that there is no right to counsel and a substitute asset proceeding because that doesn't increase the modicum of punishment. Instead, as Your Honors have pointed out, the defendant here signed an order of forfeiture. He knew exactly what he was getting into. That was part of the resolution of his criminal case. Even if he didn't quite understand what it means to have a substitute asset, as counsel argues, that does not vest either the district court or the court of appeals with any type of discretion or authority to not enforce that judgment which was entered against him. And as a result, there is no right to counsel here and certainly no basis to remand the district court for an appointment to counsel. So ordinarily, or often at least, the payment of financial obligations imposed in the judgment is also a condition of supervised release, and it's expressly here for restitution. I didn't notice it for the others, but that's sort of standard practice, and he's got some special conditions related to that in the sense that he's required to make financial reports and not open new lines of credit. All of that is justified by the payment of these financial obligations. So, I mean, I don't think there's much doubt that if he were actually to face a supervised release violation for failure to pay, he'd be entitled to counsel at that point. So I guess I'm wondering, to the extent that what this actually constitutes is a battle between a criminal defendant and the government about whether he has to pay something, and that payment is a condition of a supervised release, whether we should be thinking about that as actually raising the prospect and the risk that he does face additional punishment. But I think the difference in that example, Your Honor, is that once you actually have a violation of supervised release, there is a possibility of additional punitive penalties, and at that point, he could be sent to jail. But the issue at this point is certainly not ripe because there haven't been any specifications filed against him for failure to pay forfeiture. So at that time, sure. At that time, he would be entitled to counsel. But at this time... Is there a provision of supervised release that requires him to pay the forfeiture money? I do not know at this moment, Your Honor. I would need to go and check the... And that's not a standard provision. Usually it relates to restitution, but I don't recall seeing that as a standard or even a special condition, right? It's not a condition that... Actually, we can check right now to see if it is included. I see it for restitution. I don't see it mentioned in this one. It is the kind of thing that probation pays attention to. But here I see a direct condition that he make restitution. That box is checked. Yes, so if it's not included within the conditions of the supervised release, I don't believe that it could serve as a basis for a violation of supervised release hearing. I think there might be a due process argument there. And in restitution, for example, sometimes the schedule of payments can be altered with just the supervisee agreeing to differences in the payment schedule without counsel, correct?  But if ultimately then there was a violation with respect to a failure to pay, then you would get counsel at that point. Absolutely, Your Honor. Unless the court has any additional questions, we'll rest on our submission. All right, thank you. Mr. Kaufman, two minutes. I wish I had thought of that supervised release argument. That's what we're here for. So addressing the point about this was a speculative kind of investment, it's not true earnings. I mean, I do want to emphasize that the statute says that the term earnings means compensation, paid or payable for services, whether or not whether denominated as wages, salary, commission, bonus, or otherwise. That's those last three, commission and bonus. A person who's earning a commission on any sort of venture, I used the example of a real estate broker before, is definitely speculating. And same with bonus. There's no guarantees on those. I just wanted to make that point. I also wanted to point out something interesting that I don't know if it was clear in my briefs, but it's mentioned at page 12 of the main brief, and there are appendix references. Last summer, and it goes to the point that was made, last summer Mr. Romeo was going into another one of these kinds of situations where using his IT expertise and possibly getting a payout at the end. My understanding is nothing came of it. But he did tell his probation officer about that. And the next thing we knew, he was given something to sign that would have treated it, if he had earned anything, as restitution, not forfeiture, restitution. So now the papers in the appendix that I cite to, they're at 241 to 243, are not specific to this case. But I'm representing to you, because I had to get involved in that because Mr. Romeo brought it to my attention. And it was unclear to me whether it was relevant to this appeal. I actually spoke to a colleague in the Southern District about it. Is this restitution or is this forfeiture? I need to understand. And they told me it's a restitution garnishment agreement. But I find it interesting that the same office treated a similar situation, as it was reported to the probation officer, at least, as a restitution matter, not a forfeiture matter. Thank you very much. Thank you. Both of you will reserve decision and have a good day.